1 | Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                   paul@markmerin.com

Attorneys for Plaintiff
RICHARD MARTIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RICHARD S. MARTIN,<br><br>          Plaintiff,<br><br>vs.<br><br>TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

RICHARD S. MARTIN was attacked, injured, and falsely arrested by several police officers employed by the TOWN OF PARADISE and the PARADISE POLICE DEPARTMENT, and asserts this action for damages resulting from the violation of his civil and constitutional rights.

### JURISDICTION & VENUE

1.  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.  On July 28, 2014, RICHARD S. MARTIN filed a government claim for personal injury with the TOWN OF PARADISE regarding the claims asserted herein. On September 17, 2014, the

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

TOWN OF PARADISE served notice of rejection of RICHARD S. MARTIN's government claim.

3. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described in this Complaint occurred in this Judicial District.

4. Intradistrict venue is proper in the Sacramento Division of the United States District Court for the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the county of Butte, California.

**PARTIES**

5. Plaintiff RICHARD S. MARTIN ("Plaintiff MARTIN") is, and at all times relevant herein was, a resident of the county of Butte, California.

6. Defendant TOWN OF PARADISE is a "public entity," within the definition of California Government Code section 811.2. Public entities are subject to suit, pursuant to California Government Code section 945.

7. Defendant PARADISE POLICE DEPARTMENT is a "public entity," within the definition of California Government Code section 811.2. Public entities are subject to suit, pursuant to California Government Code section 945.

8. Defendant DOES 1 through 50 are and/or were agents or employees of Defendant TOWN OF PARADISE and/or PARADISE POLICE DEPARTMENT, and acted within the scope of that agency or employment. The true and correct names of DOES 1 through 50 are not now known to Plaintiff MARTIN who sues such Defendants by their fictitious names. Plaintiff MARTIN will substitute the true and correct names of said Defendants when the same are ascertained.

**FACTUAL ALLEGATIONS**

9. At all times relevant herein, all wrongful acts described herein were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

10. On or about February 2, 2014, Plaintiff MARTIN was watching the Superbowl at his home with his son and his son's fiancée in Paradise, California.

11. Plaintiff MARTIN was physically assaulted by his son who fled from the residence.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

12. Plaintiff MARTIN called 9-1-1 and reported the assault that he experienced.

13. By telephone, the dispatcher instructed Plaintiff MARTIN to exit the premises to meet with police officers who had been dispatched to the premises.

14. Plaintiff MARTIN exited the premises and met approximately six police officers from the PARADISE POLICE DEPARTMENT.

15. The police officers proceeded to strike Plaintiff MARTIN repeatedly with their batons. Plaintiff MARTIN was struck several times, by several police officers, over his entire body, including his arms, legs, and back. Plaintiff MARTIN was injured and experienced severe soreness and pain from the baton strikes he sustained.

16. Plaintiff MARTIN was then arrested for being "drunk in public." Plaintiff MARTIN was not under the influence of alcohol or any other substance, and his blood alcohol, tested at the Butte County Jail, was 0.01%.

17. Plaintiff MARTIN was transported to the Butte County Jail. Plaintiff MARTIN was released on his own recognizance shortly thereafter.

18. Plaintiff MARTIN sought evaluation and treatment at the emergency room of the Oroville Hospital, immediately upon release from the Butte County Jail.

19. Plaintiff MARTIN was then transported to the Mercy Hospital Medical Center, trauma department, in Sacramento, California. Plaintiff MARTIN spent several days receiving medical treatment and care at the Mercy Hospital Medical Center.

20. Plaintiff MARTIN was diagnosed as sustaining a fracture of a lumbar vertebra in his back, as well as several bruises and other injuries from the baton beating.

21. No charges were ever filed against Plaintiff MARTIN in connection with the incident.

22. On multiple occasions, Plaintiff MARTIN sought to obtain a copy of the police/incident report associated with his arrest from the PARADISE POLICE DEPARTMENT but was continuously refused a copy of to the document.

23. Plaintiff MARTIN moved out of the TOWN OF PARADISE following this incident because he felt harassed by its police officers repeatedly coming to his residence and knocking on his door, without justification.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

### FIRST CLAIM

### Excessive Force

### (Fourth & Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983)

### Against Defendant DOES 1 through 50

24. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

25. Defendant DOES 1 through 50, acting or purporting to act in the performance of their official duties as police officers, used excessive force in detaining and arresting Plaintiff MARTIN.

26. Defendant DOES 1 through 50's use of excessive force was motivated by evil motive or intent, or involved reckless or callous indifference to Plaintiff MARTIN's Fourth and Fourteenth Amendment rights secured by the United States Constitution.

27. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff MARTIN suffered injuries entitling him to receive compensatory and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

### SECOND CLAIM

### False Arrest

### (Fourth & Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983)

### Against Defendant DOES 1 through 50

28. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

29. Defendant DOES 1 through 50, acting or purporting to act in the performance of their official duties as police officers, falsely detained and arrested Plaintiff MARTIN without a warrant and without probable cause.

30. Defendant DOES 1 through 50's false arrest was motivated by evil motive or intent, or involved reckless or callous indifference to Plaintiff MARTIN's Fourth and Fourteenth Amendment rights secured by the United States Constitution.

31. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

MARTIN suffered injuries entitling him to receive compensatory and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## THIRD CLAIM

### Battery

### (California Government Code sections 815.2 and 820)

### Against Defendants TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50

32. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

33. Defendant DOES 1 through 50, acting within the course and scope of their duties as police officers, intentionally and unreasonably touched Plaintiff MARTIN when detaining and arresting him.

34. Defendant DOES 1 through 50's battery of Plaintiff MARTIN constituted purposeful conduct of malice and oppression, and caused great harm.

35. Defendant TOWN OF PARADISE and PARADISE POLICE DEPARTMENT, as public entities, are vicariously liable for the acts or omissions of its employees committed within the course and scope of their employment, to the same extent as that of a private person.

36. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff MARTIN suffered injuries entitling him to receive compensatory damages against all Defendants, and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## FOURTH CLAIM

### False Arrest

### (California Government Code sections 815.2 and 820)

### Against Defendants TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50

37. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

38. Defendant DOES 1 through 50, acting within the course and scope of their duties as police officers, detained and arrested Plaintiff MARTIN without a warrant and without probable cause.

39. Defendant DOES 1 through 50's false arrest constituted purposeful conduct of malice and oppression, and caused great harm.

40. Defendant TOWN OF PARADISE and PARADISE POLICE DEPARTMENT, as public entities, are vicariously liable for the acts or omissions of its employees committed within the course and scope of their employment to the same extent as that of a private person.

41. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff MARTIN suffered injuries entitling him to receive compensatory damages against all Defendants, and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## FIFTH CLAIM

**Negligence**

**(California Government Code sections 815.2 and 820)**

**Against Defendants TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50**

42. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

43. Defendant DOES 1 through 50, acting within the course and scope of their duties as police officers, owed Plaintiff MARTIN a duty of care to act as reasonably prudent police officers, and not use unreasonable force against him, or to falsely arrest him without probable cause. Defendant DOES 1 through 50 breached their duty of care owed to Plaintiff MARTIN.

44. Defendant DOES 1 through 50's negligence constituted purposeful conduct of malice and oppression, and caused great harm.

45. Defendant TOWN OF PARADISE and PARADISE POLICE DEPARTMENT, as public entities, are vicariously liable for the acts or omissions of its employees committed within the course and scope of their employment to the same extent as that of a private person.

46. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

MARTIN suffered injuries entitling him to receive compensatory damages against all Defendants, and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## SIXTH CLAIM

**Intentional Infliction of Emotional Distress**

**(California Government Code sections 815.2 and 820)**

**Against Defendants TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50**

47. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

48. Defendant DOES 1 through 50, acting within the course and scope of their duties as police officers, engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, Plaintiff MARTIN to suffer emotional distress.

49. Defendant DOES 1 through 50's intentional infliction of emotional distress constituted purposeful conduct of malice and oppression, and caused great harm.

50. Defendant TOWN OF PARADISE and PARADISE POLICE DEPARTMENT, as public entities, are vicariously liable for the acts or omissions of its employees committed within the course and scope of their employment to the same extent as that of a private person.

51. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff MARTIN suffered injuries entitling him to receive compensatory damages against all Defendants, and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## SEVENTH CLAIM

**Bane Act**

**(California Civil Code section 52.1; California Government Code sections 815.2 and 820)**

**Against Defendants TOWN OF PARADISE, PARADISE POLICE DEPARTMENT, and DOES 1 through 50**

52. Plaintiff MARTIN realleges and incorporates the allegations of each and every preceding

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

53. Defendant DOES 1 through 50, acting within the course and scope of their duties as police officers, interfered with Plaintiff MARTIN's federal and California state constitutional rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, by threats, intimidation, and/or coercion, including, but not limited to, the use of unreasonable and excessive force and the effectuation of a false arrest.

54. Defendant DOES 1 through 50's violation of the Bane Act constituted purposeful conduct of malice and oppression, and caused great harm.

55. Defendant TOWN OF PARADISE and PARADISE POLICE DEPARTMENT, as public entities, are vicariously liable for the acts or omissions of its employees committed within the course and scope of their employment to the same extent as that of a private person.

56. As a direct and proximate result of the Defendant DOES 1 through 50's actions, Plaintiff MARTIN suffered injuries entitling him to receive compensatory damages against all Defendants, and punitive damages against Defendant DOES 1 through 50.

WHEREFORE, Plaintiff MARTIN prays for relief as hereunder appears.

## **PRAYER**

WHEREFORE, Plaintiff MARTIN seeks relief from this Court as follows:

1. For compensatory, general, and special damages, in an amount according to proof;

2. For exemplary/punitive damages against Defendant DOES 1 through 50, in an amount sufficient to deter and to make an example of them, because their actions were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff MARTIN; and were purposeful conduct constituting malice and oppression, and caused Plaintiff MARTIN great harm.

3. For attorneys' fees as provided by law, pursuant to 42 U.S.C. § 1988, Cal. Code Civ. Proc. § 1021.5, Cal. Civ. Code § 52.1, and any other statutes as may be applicable;

4. For costs of suit; and

5. For any other and further relief as the Court may deem just and proper.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

Dated: March 17, 2015

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:	(916) 443-6911
Facsimile:	(916) 447-8337

Attorneys for Plaintiff
RICHARD S. MARTIN

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____

**DEMAND FOR JURY TRIAL**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff RICHARD S. MARTIN.

Dated: March 17, 2015  　　　　　　　　Respectfully Submitted,

By: _____
　　Mark E. Merin
　　Paul H. Masuhara
　　**LAW OFFICE OF MARK E. MERIN**
　　1010 F Street, Suite 300
　　Sacramento, California 95814
　　Telephone:　　(916) 443-6911
　　Facsimile:　　(916) 447-8337

　　Attorneys for Plaintiff
　　RICHARD S. MARTIN

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Martin v. Town of Paradise*; United States District Court, Eastern District of California, Case No. _____