UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>TOWN OF PARADISE, et al.,<br><br>        Defendants. | No. 2:15-cv-00594-JAM-AC<br><br><br><u>ORDER AND ORDER TO SHOW CAUSE</u> |

      This matter is before the undersigned pursuant to court order and Local Rule 302(c)(21). On October 9, 2015, the court set an initial scheduling conference for February 24, 2016, and ordered the parties to file status reports addressing certain scheduling issues by February 10, 2016. ECF No. 22. On February 18, 2016, defendants filed a status report requesting that the court issue a scheduling order (1) requiring plaintiff to provide the court and defendants with his current address and telephone number; (2) providing plaintiff with sixty days to file an amended complaint; and (3) requiring the parties to exchange initial disclosures within ninety days. ECF No. 24. Defendants explained that they were unable to contact plaintiff via mail in order to draft their status report, and could not call him because there is no telephone number on file. <u>Id.</u> Plaintiff has yet to file a status report despite the court's instructions.

      This is not the first time plaintiff has indicated an unwillingness to participate in this litigation. Plaintiff's former attorneys, Mark E. Merin and Paul H. Masuhara, moved to withdraw

1

based on their inability to contact plaintiff since May 28, 2015, among other things. ECF No. 17 at 3.[1] Given that defendants are now unable to contact plaintiff as well, it seems that he may no longer be interested in litigating this case. Accordingly, in light of counsel's repeated inability to contact plaintiff and his failure to file a status report per the court's order the court will order plaintiff to show cause why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). See Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action). If plaintiff does respond to the court's order, he should provide an address and telephone number where he can reliably be reached. See Local Rule 183(b).

The court declines to issue a scheduling order per defendants' request at this time. The fact that it is unclear at this point whether plaintiff wishes to proceed with this matter at all makes a scheduling order premature.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The court's February 24, 2016, initial scheduling conference is VACATED until further notice; and

2. Plaintiff shall show cause in writing within fourteen (14) days of the date of this order why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

DATED: February 18, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants did not oppose that motion, and the court granted it on August 10, 2015. ECF No. 20.